AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas



FILED
AUG 05 2019
David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Choon Ping Lee | ) | Case No. H19-1441M |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **May 5, 2019** in the county of **Harris** in the **Southern** District of **Texas**, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 1801 | Video Voyeurism Aboard an Aircraft |

This criminal complaint is based on these facts:
See Affidavit

☐ Continued on the attached sheet.

_____
*Complainant's signature*

FBI S/A Doretta Sannino
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 5, 2019

_____
*Judge's signature*

City and state: Houston, Texas

U.S. Magistrate Judge Christina Bryan
*Printed name and title*

STATEMENT OF PROBABLE CAUSE

I, Doretta J. Sannino, being duly sworn, hereby depose and state the following:

1. I am employed as Special Agent with Federal Bureau of Investigation (FBI), United States Department of Justice, and have been so employed for almost (28) years. Prior to the FBI, I served in the U.S. Army. I am currently assigned to the Houston Division of the FBI, Squad CT-2. Since June, 2013, my primary duties consist of multiple investigations pertaining to violations of federal law which occur within the airport environment and aboard aircraft at the George Bush Intercontinental and Hobby Airports. Title 49 United States Code, Section 46501 establishes the Special Aircraft Jurisdiction of the United States and gives the federal government jurisdiction in all criminal matters occurring on any civil aircraft of the United States while in flight regardless of departure or arrival location.

2. This affidavit is in support of a complaint charging Choon Ping LEE, Malaysian Citizen, with a violation of Title 18, United States Code, Section 1801(a)(b)(1): Video Voyeurism within the Special Maritime and Territorial Jurisdiction of the United States. This violation, which occurred on or about May 5, 2019 while on board United Airlines flight 646, outbound from San Diego, California to

Houston, Texas. This is within Special Maritime and Territorial Jurisdiction of the United States.

3. The facts set forth in this statement of probable cause are based on my personal participation in this investigation, observations, my training and experience, and information obtained from other local and federal law enforcement officers and witnesses. This statement is intended to show that there is probable cause for the violation of Title 18, USC 1801(a)(b)(1), Video Voyeurism and does not purport to set forth all of my knowledge or investigation into this matter.

**Background/Summary of Cause that a Violation Occurred**

1. Title 18 of the United States Code, Section 1801 states in pertinent part, "Whoever, in the Special Maritime and Territorial Jurisdiction of the United States has the intent to capture an image of the private area of an individual without their consent, and knowingly does so under circumstances in which the individual has a reasonable expectation of privacy, shall be fined under this title or imprisoned not more than one year, or both."

2. An identified female first class passenger who resides in the Houston area advised she flew on United Airlines Flight 646, which departed San Diego en route to Houston on May 5, 2019. She sat in the last row of first class, seat 5B. She was awake the entire flight and stated when she went to the first class

lavatory, she noticed an item with a blue blinking light. She stated it was located near the cabinet and wall area close to a door hinge. The item was loosely hanging and she wasn't sure if the item was part of the aircraft, but thought it was odd. Once done in the lavatory, the identified female passenger stood up, grabbed the item with a paper towel, walked out of the lavatory and gave it to the flight crew.

3. The flight crew notified and provided the item located by an identified female first class passenger to Houston George Bush Intercontinental Airport United Airlines Corporate Security. It was confirmed by Houston United Airlines Corporate Security the item was a video recording device. After viewing the information on the device, a male was caught on video installing the device in the first class lavatory of this particular flight.

4. In the video footage, you cannot see the man's face, but can see clothing and jewelry details which were distinctive. The footage revealed the male wore a watch on his left hand and a small bracelet on his right wrist. Further identifying the male was a blue short sleeved shirt and loosely fitted blue jeans. He also wore black tennis shoes with black leather on top near the black laces and white trim on the bottom of the shoes.

5. FBI San Diego obtained additional airport video footage of United Airlines Flight 646 passengers boarding the aircraft.

Coverage of the male obtained in the San Diego boarding area matched the clothing of the male who installed the device. The male's blue short sleeved shirt was easily identified as well as the jeans and black tennis shoes with white bottoms. During boarding, the letters NJC were seen on the back of the male's shirt. He also wore glasses and carried a black backpack.

6. The footage of the male departing the aircraft on the jet way after it landed in Houston at George Bush Intercontinental Airport further solidified the clothing and jewelry matched the male who conducted the video installation.

7. Houston Police Department at George Bush Intercontinental Airport utilized video footage of the identified male's clothing as he walked through the airport to enhance photos of the male's face, clothing, shoes, and jewelry to make a conclusive identification of the man who installed the device in the first class lavatory.

8. Through comparison with the device installation recording provided by United Airlines Corporate Security, the San Diego boarding footage and confirmation within the Houston airport camera system footage, the male who installed the device was identified as Choon Ping LEE, a citizen of Malaysia. Further checks revealed he is currently employed with Halliburton.

9. United Airlines Corporate Security confirmed Choon Ping LEE sat in first class on United Airlines Flight 646 on

May 5, 2019, seat 1A.

10. FBI Houston conducted further checks on the video recording device and determined files were deleted. The deleted files yielded photos of another aircraft bathroom/lavatory where at least two women/victims were caught on camera. After further review and research, it was determined the deleted files were of the Emirates Aircraft Lavatory. One of the women/victims caught on camera was wearing an Emirates flight crew uniform.

11. Halliburton was contacted and provided the FBI with requested travel information for Choon Ping LEE. LEE's travel verified he had flown on Emirates Airlines for work related matters. Furthermore, Halliburton showed a real time photo of LEE as he walked down a hallway at his current job site. The real time photo of LEE showed he was wearing a watch and bracelet that matched the same jewelry captured during the video installation on board United Airlines 646 on May 5, 2019.

12. Based upon the foregoing, your affiant therefore, believes there is probable cause that Choon Ping LEE committed Video Voyeurism within the Special Maritime and Territorial Jurisdiction of the United States, in Violation of Title 18, United States Code, Section 1801(a)(b)(1) and respectfully requests a warrant be issued authorizing the arrest of Choon Ping LEE.

_____
DORETTA J. SANNINO
Special Agent, FBI

SWORN AND SUBSCRIBED before me on this 5th day of August, 2019, and I find probable cause.

_____
U.S. Magistrate Judge
Southern District of Texas